IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARORA TECHNOLOGY GROUP, LLC<br>**Plaintiff,**<br><br>v.<br><br>TRACY M. DAVID and DANIEL L. MCWILLIAMS,<br><br>**Defendants.** | CIVIL ACTION NO. 23-3014 |

### MEMORANDUM OPINION

Rufe, J.                                                                                           September 19, 2024

Plaintiff Arora Technology Group, a limited liability company with its principal place of business in Pennsylvania, has brought suit against Tracy M. Davis and Daniel L. McWilliams, asserting state-law claims for breach of fiduciary duty and requesting an accounting. Plaintiff alleges that it entered into a partnership with Trax Analytics, LLC ("Trax") to form a new LLC called LTech.[1] Both Plaintiff and Trax were to make equal capital contributions and receive equal distributions.[2] Defendant Davis was appointed as Chief Executive Officer of LTech, and Defendant McWilliams became Chief Financial Officer.[3] Plaintiff alleges that Defendants made preferred payments to Trax and Infax, Inc., an entity affiliated with Trax, and failed to disclose this to Plaintiff.[4] Plaintiff alleges, without further explanation, that these claims arose "prior to the merger of LTech with and into Trax . . . ."[5] Defendants, who are both citizens of Georgia,

---

[1] Compl. [Doc. No. 1] ¶¶ 4, 12-13.

[2] Compl. [Doc. No. 1] ¶¶ 18-19.

[3] Compl. [Doc. No. 1] ¶ 21.

[4] Compl. [Doc. No. 1] ¶¶ 34, 39.

[5] Compl. [Doc. No. 1] ¶ 45.

have filed a motion to dismiss asserting that the Court cannot exercise personal jurisdiction over Defendants under Federal Rule of Civil Procedure 12(b)(2) and that venue is improper under Rule 12(b)(3). In the alternative, Defendants move to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) or to compel arbitration. For the reasons explained below, the Court will transfer the case to Georgia, where jurisdiction and venue are proper.

### A. Federal Rule of Civil Procedure 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a court must grant a defendant's motion to dismiss if the court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of establishing that personal jurisdiction exists and must make a "threshold showing in support of jurisdiction."[6] However, the plaintiff's allegations must be "viewed as true" and disputed facts must be construed in the plaintiff's favor.[7] If the plaintiff meets this burden, the defendant must then establish the presence of other considerations that would render jurisdiction unreasonable.[8]

A district court typically exercises personal jurisdiction according to the law of the state where it sits.[9] Under Pennsylvania's long arm statute, jurisdiction "may be based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United

---

[6] *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)).

[7] *Id.* at 330 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d. Cir. 2003)).

[8] *De Lage Landen Fin. Servs.*, 2008 WL 4822033, at *3 (citing *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992)).

[9] *O'Connor*, 496 F.3d at 316 (citing Fed. R. Civ. P. 4(k)(1)(A)).

States."[10] Therefore, "a court may exercise personal jurisdiction over a nonresident defendant if the defendant has 'certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[11] "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"[12]

Personal jurisdiction may be general or specific in nature.[13] General jurisdiction exists

> only when a defendant is essentially at home in the State. General jurisdiction, as its name implies, extends to any and all claims against a defendant. Those claims need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world. But that breadth imposes a correlative limit: Only a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction. In what we have called the paradigm case, an individual is subject to general jurisdiction in her place of domicile.[14]

Both Defendants are citizens of Georgia. Plaintiff argues that Defendants' contacts with Pennsylvania were extensive and continuous, but that does not make Defendants "at home" in Pennsylvania. The Court may not exercise general jurisdiction over Defendants.

Specific jurisdiction exists when the defendant can be said to have sufficient "minimum contacts" with the forum state, so long as the exercise of jurisdiction would "comport with 'fair

---

[10] *Id*. (alteration in original) (citing 42 Pa. Cons. Stat. § 5322(b)).

[11] *AAMCO Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 706 (E.D. Pa. 2014) (alteration in original) (quoting *O'Connor*, 496 F.3d at 316).

[12] *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)).

[13] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[14] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021) (internal quotation marks and citations omitted).

play and substantial justice.'"[15] The minimum contacts requirement is satisfied where: (1) the plaintiff's claims arise out of or relate to defendant's contacts with the forum state; (2) the nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state; and (3) the defendant's contacts within the forum state are "such that [it] should reasonably anticipate being haled into court there."[16]

A court may exercise personal jurisdiction over a non-resident defendant when intentionally tortious conduct is aimed at the forum and has sufficient impact in the forum to satisfy due process requirements.[17] The plaintiff must show that "(1) [t]he defendant committed an intentional tort; (2) [t]he forum state is the focal point of the harm suffered by plaintiff;" and (3) the forum state is "the focal point of the defendant's tortious activity," because "the defendant expressly aimed [their] tortious conduct there."[18] The Third Circuit has held that "[o]nly if the 'expressly aimed' element of the effects test is met need [a court] consider the other two elements."[19]

To satisfy the "expressly aimed" element of the effects test, "the plaintiff has to demonstrate 'the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.'"[20] Plaintiff's argument that the harm was

---

[15] *O'Connor*, 496 F.3d at 317.

[16] *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996) (applying Florida law); s*ee also Venetian Salami Co.*, 554 So. 2d at 500 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).

[17] *Calder v. Jones*, 465 U.S. 783, 789-90 (1984).

[18] *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).

[19] *Id*. (citing *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998))

[20] *Marten*, 499 F.3d at 297 (quoting *IMO Indus.*, 155 F.3d at 266)).

4

directed in Pennsylvania because Plaintiff allegedly was injured here is not enough; "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."[21] Personal jurisdiction cannot be established through "random, fortuitous, or attenuated contacts" or the "unilateral activity of a plaintiff."[22]

McWilliams avers that he has "never lived in Pennsylvania or had any contacts with the Commonwealth of Pennsylvania."[23] Plaintiff argues that McWilliams is subject to personal jurisdiction in Pennsylvania because he is an officer of both LTech and of Infax, an affiliate of Trax. Plaintiff argues that because Infax is a registered foreign corporation in Pennsylvania, and because McWilliams is an officer of Infax, McWilliams consented to jurisdiction in Pennsylvania. Plaintiff relies on the Supreme Court's decision in *Mallory v. Norfolk Southern Railway Co.*, but that case concerned the jurisdiction of a corporation, not corporate officers.[24] The corporate entities LTech, Infax, and Trax are not parties to the litigation. Even if the fact that Infax is registered to do business in Pennsylvania were relevant, in determining whether a corporate officer is subject to personal jurisdiction in his individual capacity, Pennsylvania courts look to "factors such as the officer's role in the corporate structure, the quality of the officer's forum contacts, and the extent and nature of the officer's participation in the alleged

---

[21] *Walden*, 571 U.S. at 290.

[22] *Id.* (quotation marks and citation omitted).

[23] Decl. of Daniel McWilliams [Doc. No. 8-3] ¶ 3.

[24] 143 S. Ct. 2028 (2023).

tortious conduct."[25] Under these factors, Plaintiff has not shown a basis for this Court to exercise jurisdiction over McWilliams.[26]

Whether there is personal jurisdiction over Davis is a closer question; Davis avers that she has spent time in Pennsylvania with Manik Arora as part of a personal social relationship, and that she conducted some business in Pennsylvania on matters related to Trax, but not on any matters related to the subject of this lawsuit.[27] Arora avers that LTech was formed while Davis was in Pennsylvania, that the operating agreement for LTech was drafted and executed in Pennsylvania (events that presumably preceded the alleged wrongdoing) and also avers that Davis spent time working in Pennsylvania during the time relevant to the allegations.[28] Manik Arora does not allege that any of the events giving rise to the specific claims at issue occurred in Pennsylvania, but has asserted that Davis was connected to LTech's business operations in Pennsylvania in a meaningful way. This is likely enough to establish personal jurisdiction over Davis. However, even if the Court may exercise personal jurisdiction, that does not mean that venue is proper here.

---

[25] *Maleski v. Taylor v. DP Realty Trust*, 653 A.3d 54 (Pa. Commw. Ct. 1994) (citation omitted).

[26] Manik Arora, the sole member of the Plaintiff LLC, avers that McWilliams was "involved" in the formation of LTech and engaging counsel, but gives no details as to the nature of that involvement, which presumably preceded the alleged wrongdoing, and does not state that McWilliams was at any time in Pennsylvania or conducted any of the alleged wrongful activities in the Commonwealth. Decl. of Manik Arora [Doc. No. 10-2] ¶¶ 9-10. Nor does McWilliams appear on the LTech organizational chart for 2020-2022 attached to Manik Arora's declaration. *See* Decl. of Manik Arora [Doc. No. 10-2] Ex. A. *See also Walden*, 571 U.S. at 286 ("[A] defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." (citations omitted)).

[27] Decl. of Tracy Davis [Doc. No. 8-2] ¶ 3.

[28] Decl. of Manik Arora [Doc. No. 10-2] ¶ 14 (alleging that Davis "spent many days in the LTech Corporate office to oversee and manage staff that was located in the Pennsylvania office" and worked from Manik Arora's home office in Pennsylvania during the relevant period of 2019-2022).

### B. Federal Rule of Civil Procedure 12(b)(3)

A complaint may be dismissed under Rule 12(b)(3) if venue is improper. In deciding a motion to dismiss under Rule 12(b)(3), the Court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits."[29] If facts beyond the pleadings are considered, all reasonable inferences must be drawn, and all factual disputes resolved, in the plaintiff's favor.[30] The defendant bears the burden of showing that venue is improper.[31]

By statute, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," "(2) [a] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or "(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[32] As Defendants do not live in Pennsylvania, and as there is no dispute that the case could be bought in Georgia, venue lies in the Eastern District of Pennsylvania only if a substantial part of the events or omissions giving rise to the claim occurred here.

The "substantial part" element "does not require that the majority of operative facts underlying a claim occur in one district, although events that are only tangentially connected to

---

[29] *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citations omitted).

[30] *N. Am. Commc'ns, Inc. v. Herman*, No. 17-157, 2018 WL 581069, at *3 (W.D. Pa. Jan. 25, 2018).

[31] *Bockman*, 459 F. App'x at 160.

[32] 28 U.S.C. § 1391(b).

the action are not sufficient to establish proper venue."[33] In this case, there is no evidence that the alleged actions central to this litigation – the preferred payments to Trax – occurred in Pennsylvania.[34]

Under 28 U.S.C. § 1406(a), if venue is improper, the Court "may transfer a case at the parties' request or *sua sponte*" to any district where it might have been brought in the interests of justice.[35] As it appears that both Defendants live in the Northern District of Georgia, jurisdiction and venue would be proper.[36] Dismissal would require that Plaintiff refile the case, needlessly increasing the cost of the litigation, and transfer will obviate any concerns as to whether a refiled action would be time-barred.[37] The Court therefore *sua sponte* determines that transfer is in the interests of justice.

An order will be entered.

---

[33] *Optimal Interiors, LLC v. HON Co.*, No. 09-1906, 2009 WL 3837409, at *3 (E.D. Pa. Nov. 13, 2009); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

[34] *See Post Acute Med., LLC v. LeBlanc*, 826 F. App'x 163, 166 (3d Cir. 2020). *See* Def.'s Resp. Opp'n. Mot. Dismiss [Doc. No. 11] at 4.

[35] *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). Similarly, 28 U.S.C. § 1631 allows for transfer where "there is a want of jurisdiction."

[36] *See* Designation Form, Doc. No. 1-4.

[37] *See Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 480 (E.D. Pa. 2016).