## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ARORA TECHNOLOGY GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. ) ) 1:24-cv-04220-MHC |
| TRACY M. DAVIS AND DANIEL L. MCWILLIAMS, | ) ) ) ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT

COME NOW, Defendants Tracy M. Davis ("Davis") and Daniel L. McWilliams ("McWilliams") (together, Davis and McWilliams are referred to herein as "Defendants") and file this Response to Plaintiff's Motion for Entry of Default [Doc. No. 22] ("Plaintiff's Motion"), respectfully showing this Honorable Court as follows:

1.

Plaintiff's Motion, which seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)"), is both premature and improper. As set forth herein, Rule 55(a) allows for the entry of default only where a defendant has "failed to plead or *otherwise defend*" an action. Rule

55(a)(emphasis added). This Court and courts around the country have held that filing a motion to dismiss constitutes defense of an action and precludes the entry of a default judgment. *See, e.g*, Larebo v. First Consumer Credit, Inc., No. 1:07-CV-1761-ODE/AJB, 2008 WL 11417160, at *2 (N.D. Ga. Apr. 14, 2008), report and recommendation adopted, No. 1:07-CV-1761-ODE, 2008 WL 11417154 (N.D. Ga. July 29, 2008); *Langdon v. Google*, Inc., 474 F. Supp. 2d 622, 628 (D. Del. 2007) (timely serving and filing a motion to dismiss precludes the entry of default against defendant); *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (D. Wis. 1984) (observing that "it is generally held that the interposition of various challenges to matters such as service, venue, and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading.").

2.

This case was initiated by Plaintiff in the United States District Court for the Eastern District of Pennsylvania by the filing of Plaintiff's Complaint on August 5, 2023. [Doc No. 1]

3.

On October 16, 2023, Defendants filed a Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue Or In The Alternative To Compel

Arbitration Or In The Further Alternative, To Dismiss for failure To State A Claim (the "Motion to Dismiss") [Doc. 8].

4.

On or about September 19, 2024, the Pennsylvania District Court *sua sponte* transferred the case, finding there was no personal jurisdiction over the Defendant Williams [Doc. No. 14, p. 6][1] and possibly no personal jurisdiction over Defendant Davis [Doc. No. 14, p. 6]. It did not dismiss the case and did not resolve the elements of the Motion that sought to compel arbitration or dismiss for failure to state a claim, apparently reasoning that those aspects of the Motion should be resolved by a Court with Jurisdiction. Defendants did not withdraw the Motion to Dismiss and it remains pending in this Court.

5.

Despite the fact that the Motion to Dismiss remains to be decided, on October 16, 2024, Plaintiff filed a Motion for Entry of Default [Doc. No. 22], ostensibly for failure to file a timely Answer. Counsel for Plaintiff served the Motion by the

---

[1] "Plaintiff has not shown a basis for this Court to exercise jurisdiction over McWilliams." [Doc. No. 14, p. 6]

3

Court's Filing System, which lists Defendants' Pennsylvania Counsel, but did not separately copy Defendants' Georgia Counsel on the Motion for Entry of Default.

6.

Defendants Georgia Counsel reviewed the docket on December 10, 2024 to check on any update to the pending Motion to Dismiss, saw the Motion for Entry of Default, and immediately prepared this Response and an Entry of Appearance.

7.

Defendants do not believe an Answer is due as the Motion to Dismiss has not yet been resolved.

8.

Indeed, Plaintiff argues that Defendants were required to file an answer by October 3, 2024 pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), which provides that in relevant part as follows:

> (a) Time to Serve a Responsive Pleading. Unless another time is specified by a federal statute, the time for serving a responsive pleading is as follows:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

> (A) **if the court <u>denies</u> the motion** or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action;

Fed. R. Civ. P. 12(a)(4)(A) (emphasis added). In this case, the Order from the United States District Court Eastern District of Pennsylvania (the "Pennsylvania Court") [Doc. No. 15] states as follows:

> upon consideration of Defendants' Motion to Dismiss [Doc. No. 8] and the opposition thereto, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that the Motion is GRANTED.

[Doc. No. 15, p. 1]

9.

Clearly, the Pennsylvania Court did not grant the Motion to Dismiss in full, as aspects of the Motion remain to be decided as set forth above.

10.

However, Defendants stand ready to Answer, instanter, should the Court deem an Answer due.

11.

To the extent that an Answer was due, there is no prejudice to Plaintiff, as the Parties have been engaged in active settlement discussions, have been exchanging

documents informally, and are also involved in a related arbitration that they have stayed by consent.

12.

And while Plaintiff tells this Court that Rule 55(a) commands an entry of default [Doc. No. 22 at ¶8], this argument is foreclosed by this Court's precedent and precedent from federal courts across the country:

> FED. R. CIV. P. 55(a) authorizes entry of a default against a party who has "failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure"]. FED. R. CIV. P. 55(a)…"**A motion to dismiss made under Rule 12(b)(6) is considered "defending" an action**. See 10A Wright, Miller & Kane, Federal Practice and Procedure 3d § 2682 ("The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading.")

*Larebo*, 2008 WL 11417160, at *2; *see also Guimaraes v. Nat. Opinion Research Svcs., Inc.*, No. 07-20592-CIV, 2007 WL 2066310 at *1 (S.D. Fla. July 17, 2007) ("[Th]e filing of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted has been held to be sufficient action to preclude entry of default."); *Langdon*, 474 F. Supp. 2d at 628 (timely serving and filing a motion to dismiss precludes the entry of default against defendant); *Wickstrom*, 101 F.R.D. at 32 (D. Wis. 1984) (observing that "it is generally held that the interposition of

various challenges to matters such as service, venue, and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading."). As succinctly stated in *Wickstrom*:

> Although defendants Schmidt, Bruno, and Redman have not filed answers to the complaint in this case, **they have clearly "defended," as that term is used in Rule 55, by filing their motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure**. Accordingly, the plaintiffs' motion for default judgment against these named defendants must be denied.

*Wickstrom*, 101 F.R.D. at 33.

13.

Because Defendants have "otherwise defended" this action by filing a Motion to Dismiss [Doc. No. 8], Plaintiff's motion for default judgment must be denied. *Larebo*, 2008 WL 11417160, at *2; *Guimaraes*, 2007 WL 2066310 at *1; *Langdon*, 474 F. Supp. 2d at 628; *Wickstrom*, 101 F.R.D. at 32.

14.

Moreover, the law "favor[s] disposition of cases on the merits, rather than on procedural technicalities." *Sanders v. Elimgington Prop. Mgmt., LLC*, No. 1:22-CV-03985-SDG, 2023 WL 5352899, at *3 (N.D. Ga. Aug. 21, 2023) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)) ("[C]ourts keep in

mind the Eleventh Circuit's 'strong policy of determining cases on their merits.' "); *Snow v. Bellamy Mfg. & Repair*, 1995 WL 867859, at *2 (N.D. Ga. Sept. 26, 1995) ("A strong federal policy favors resolution of disputes on the merits as opposed to disposition on technicalities.").

15.

Accordingly, Defendants request that Plaintiff's Motion for Entry of default be Denied, that the pending Motion to Dismiss be resolved in due course, and that the case proceed in the ordinary course as dictated by the Court's Order on the Motion to Dismiss.

Respectfully submitted this 10th day of December, 2024.

By:  /s/ Steven G. Hall
Steven G. Hall
GA Bar No. 319308
Kristin S. Tucker
GA Bar No. 805833
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
3414 Peachtree Rd NE, Suite 1500
Atlanta, GA 30326
Tel: (404) 221-6515
shall@bakerdonelson.com
ktucker@bakerdonelson.com

*Attorneys for Defendants Tracy M. Davis and Daniel L. McWilliams*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT** using the Court's CM/ECF filing system, which will automatically send notice to the following attorneys of record:

Jason J. Carter
Eliza L. Taylor
**BONDURANT, MIXSON & ELMORE, LLP**
1201 W Peachtree St., N.W.
Suite 3900
Atlanta, GA 30309
carter@bmelaw.com
taylor@bmelaw.com
*Attorneys for Plaintiff*

By:  */s/ Steven G. Hall*
Steven G. Hall
Georgia Bar No. 319308